**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:12-CV-00063**

| | |
|---|---|
| JOSEPH REA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GERBER LIFE INSURANCE )<br>COMPANY AND GERBER PRODUCTS )<br>COMPANY. )<br>)<br>Defendants. ) | **CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER** |

      Defendants Gerber Life Insurance Company and Gerber Products Company (collectively referred to as "Defendants") are producing documents containing proprietary information to Plaintiff and desire to protect the confidential and proprietary information from dissemination and disclosure outside the confines of this action. The Court finds and concludes the benefits of this Confidentiality Agreement and Protective Order outweigh any countervailing burden on public access to the judicial process, and that it represents the least onerous alternative for balancing the public's access to its judicial process with the specific, legitimate interest of the litigants and other affected persons.

      Accordingly, it is hereby **ORDERED**:

      A.    Documents or information produced or provided by the parties during the course of this proceeding reflecting confidential or proprietary information, including but not limited to pricing information, distribution information, and production information, may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that it is entitled to confidentiality under the terms of this Order.

      B.    The designation of such documents or information as Confidential Information shall

mean that such Confidential Information shall be used only for the purpose of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

1. To counsel of record (hereby defined to include other attorneys and staff in their law firm/law departments who are working on this case);

2. To deponents or witnesses provided such deponents or witnesses expressly agree to be bound by the terms of this Order and not to disclose Confidential Information to any party or person outside this litigation;

3. To expert witnesses for use only in connection with their roles as experts in this action, provided such expert witnesses or prospective expert witnesses expressly agree to be bound by the terms of this Order and not to disclose Confidential Information to any party or person outside this litigation;

4. To the Court and the jury during the trial in the case;

5. To court reporters and their stenographic employees transcribing testimony in and from notes taken during depositions and hearings held in connection with this action; and

6. Any other person agreed to by the parties or as the Court may direct.

Neither the Plaintiff nor Defendants nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the litigation.

Neither the Plaintiff nor Defendants nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except and as otherwise permitted by this Order.

C. Within thirty (15) business days after the conclusion of this matter, including any

appellate proceeding, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the Defendants, or any other party, shall be returned to its counsel. Any work product, abstracts, or summaries of such Confidential Information prepared by the Plaintiff or their counsel shall be retained in a secure manner or destroyed.

D. Nothing in this Order shall prohibit the Plaintiff or Defendants from objecting to the production of disclosure of the Confidential Information solely on the grounds that such information is irrelevant, confidential or sensitive, and likewise nothing contained herein shall preclude any party from challenging the confidential designation of any document or information. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of the Confidential Information in this litigation or in any other proceeding.

E. Where disputes arise as to the applicability of this Order to any document or information produced or provided by the Defendants, or any other party, such disputes shall be resolved, if possible, by agreement of the parties. If, after a reasonable time and effort the parties cannot reach an agreement to resolve such a dispute, the party seeking to remove the Confidential designation may move the Court to rule on the issue. Documents or information designated as Confidential Information pursuant to this Order shall be treated as such unless and until the Court rules otherwise.

F. The inadvertent or unintentional disclosure of any Confidential Information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information.

G. The provisions of this Order shall apply from the date this Order is entered to any and all documents produced in this case and to any and all information produced, obtained, or disclosed,

whether produced, obtained, or disclosed before or after the entry of this Order.

H.   This Order is entered without prejudice to the right of any party to seek modification of this Order for good cause.

I.   The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

SO ORDERED, with the consent of the parties.

Signed: July 23, 2012

David C. Keesler
United States Magistrate Judge